UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SEAN PACHECO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 12-10214-NMG |
| ST. LUKE'S EMERGENCY | ) | |
| ASSOCIATES, P.C., SAM SHEN, | ) | |
| BRENDEN HAYDEN, and | ) | |
| MAUREEN PETERSON, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTIONS FOR REMAND AND FOR SANCTIONS**

June 5, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Sean Pacheco, was employed by the defendant, St. Luke's Emergency Associates, Inc. ("SLEA"), as a physician's assistant pursuant to an employment agreement dated May 12, 2011 (the "Employment Agreement").[1] He has brought an action against SLEA and several of its officers and employees alleging that he is owed wages and benefits, and that his employment was wrongfully terminated. Suit was originally filed on December 19, 2011 in the Bristol County Superior Court in accordance with a forum selection clause in the Employment Agreement, which provides that

---

[1] A copy of the Complaint ("Compl.") is included in Docket No. 4, the state court record. The Employment Agreement is attached to the Complaint as Exhibit A.

"[j]urisdiction of any dispute derived out of this agreement shall be in either" the Bristol County District or Superior State Court. Compl. Ex. A at 6.

Two of the counts of the Complaint allege claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, including a claim for wages (Count V) and a wrongful termination claim (Count VII). The defendants removed the case to this court on February 3, 2012 on the basis of federal question jurisdiction. (Docket No. 1). Pacheco has filed a motion to remand the action to state court, along with a separate motion for Rule 11 sanctions on the grounds that the removal was improper in light of the forum selection clause, and that the removal prolonged the litigation unnecessarily and imposed additional costs on the plaintiff.

For all the reasons detailed herein, this court finds that the plaintiff's FLSA claims are beyond the scope of the parties' contractual forum selection clause, and that the removal was proper. This court also finds that since all of the plaintiff's claims, both state and federal, involve a common nucleus of operative facts, all claims should be adjudicated together in this court. Therefore, this court recommends to the District Judge to whom this case is assigned that plaintiff's motions to remand (Docket No. 5) and for sanctions (Docket No. 7) be DENIED.

## II. STATEMENT OF FACTS

In ruling on the plaintiff's claim that the suit was improperly removed to this court in violation of the forum selection clause in the Employment Agreement, this court will accept all the allegations in the complaint as true, and make all reasonable inferences in

2

favor of the plaintiff.  See Huffington v. T.C. Group, LLC, 685 F. Supp. 2d 239, 240 (D. Mass. 2010) (ruling on the applicability of a forum-selection clause in the context of a motion to dismiss for improper venue), aff'd, 637 F.3d 18 (1st Cir. 2011), and cases cited.  Applying this standard to the instant case, the relevant facts are as follows.

In early 2011, Pacheco applied for the position of physician's assistant at SLEA, and had interviews with the defendants Sam Shen, Chairman of the Department of Emergency Medicine; Brenden Hayes, Director of Quality and Human Resources; and Maureen Peterson, Chief Financial Officer.  Compl. ¶¶ 3-7.  During these interviews, Pacheco informed Peterson that if he accepted a position with SLEA he would be leaving a higher paying job and would therefore require certain benefits.  Id. ¶ 8.  In response, Peterson promised Pacheco certain vacation time, paid time-off for Continuing Medical Education ("CME") and paid holidays.  Id. ¶ 9.  Pacheco signed a written Employment Agreement in May 2011, which defined his hourly wage, his expected work schedule, and his paid time-off periods.  Id. ¶¶ 10-13.  Pacheco started work for SLEA on September 1, 2011.  Id. ¶ 14.

According to the plaintiff, shortly after he began working Peterson told him that all time off was unpaid, and that SLEA would require that he make up hours missed by working double or extra shifts.  Id. ¶ 15.  Nevertheless, Pacheco remained at SLEA and was given positive oral and written 30 day reviews.  Id. ¶¶ 16-17.  Between September and early October 2011, other SLEA nurse practitioners and physician assistants told SLEA that they were not pleased with its vacation, holiday, and CME time-off policies or

its accounting of their hours worked.  Id. ¶ 18.  According to the Complaint, the defendants have not kept records of the hours worked by these employees, including hours worked before or after a shift, unscheduled or extra hours, and hours worked to make up for time-off.  Id. ¶ 20.  The plaintiff contends that he regularly worked hours beyond his scheduled shift and worked a holiday shift and other regular shifts for which he was not compensated.  Id. ¶¶ 21-22.

Plaintiff alleges that he was told to report to work on October 13, 2011, his day off, at which time his employment was summarily terminated without explanation.  Id. ¶ 19.  On October 27, 2011, Pacheco filed a Non-Payment of Wage and Workforce Complaint with the Massachusetts Attorney General's Office.  Id. ¶ 23.  On November 14, 2011, he was given permission to pursue a private cause of action against his employer for violations of the wage and hours laws.  Id. ¶ 24.  He filed his Complaint in the Bristol County Superior Court on December 19, 2011, and the defendants were served in January 2012.  The defendants removed the action to this court on February 3, 2012.

The Complaint asserts eight counts.  Specifically, Count I is for breach of contract against SLEA; Count II is for breach of the implied covenant of good faith and fair dealing against SLEA; Count III asserts a claim for misrepresentation against SLEA and Peterson; Count IV is a claim of promissory estoppel against all defendants; Count V is against SLEA and alleges a failure to pay wages under the FLSA and Mass. Gen. Laws ch. 149, § 148; Count VI is a wrongful termination claim against SLEA, Shen and Hayden; Count VII is against all defendants and alleges that Pacheco's termination was

4

the result of wrongful retaliation in violation of the FLSA and Mass. Gen. Laws ch. 149, § 148A; and Count VIII asserts a claim of tortious interference with contractual relations against the individual defendants. As detailed more fully below, Pacheco's claims under the FLSA for wages due (Count V) and retaliation (Count VII) are premised on the defendants' alleged failure to comply with their obligations under the statute. See, e.g., Compl. ¶¶ 48, 53, 63. It is undisputed that this court has original, non-exclusive jurisdiction over the FLSA claims. See 28 U.S.C. § 1331; Prakash v. Am. Univ., 727 F.2d 1174, 1182 (D.C. Cir. 1984).

Additional facts relevant to this court's analysis will be described below where appropriate.

### III.  ANALYSIS

#### A.  Standard of Review

The defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(c), which provides for the removal of a civil action presenting "a claim arising under the Constitution, laws, or treaties of the United States." "The federal courts have interpreted this statutory grant of power narrowly[,]" so, when faced with a motion to remand, "the burden is upon the removing party to show that federal subject matter jurisdiction exists, that removal was timely, and that removal was proper." Therrien v. Hamilton, 881 F. Supp. 76, 78 (D. Mass. 1995) (internal citations omitted). Removal statutes are to be "strictly construed against removal and doubts resolved in favor of remand." Id. See also Kingsley v. Lania, 221 F. Supp. 2d 93, 95 (D. Mass. 2002).

In the instant case, there is no dispute that this court has jurisdiction over the FLSA claims, and that removal was timely. At issue is whether removal was proper in light of the forum selection clause in the Employment Agreement. A "forum selection clause does not, of course, deprive this Court of subject matter jurisdiction over this case[.]" Saturn Mgmt. LLC v. GEM-Atreus Advisors, LLC, 754 F. Supp. 2d 272, 283 (D. Mass. 2010). Rather, "in effect it merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction." LFC Lessors, Inc. v. Pac. Sewer Maint. Corp., 739 F.2d 4, 6 (1st Cir. 1984) (quoting Cent. Contracting Co. v. Md. Cas. Co., 367 F.2d 341, 345 (3d Cir. 1966)). The forum selection clause applies only to those claims that fall within its scope. See Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 19 (1st Cir. 2009). As detailed below, this court finds that the FLSA claims are not covered by the forum selection clause. Therefore, this court concludes that the removal was proper.

### B. Interpreting the Forum Selection Clause

"The prevailing view towards contractual forum-selection clauses is that 'such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S. Ct. 1907, 1913, 32 L. Ed. 2d 513 (1972)). In the instant case, the relevant provision reads as follows:

> This Agreement is drawn to be effective in and shall be construed in accordance with the internal laws of the Commonwealth of Massachusetts. Jurisdiction of **any dispute derived out of this agreement shall be** in either the Bristol County (Massachusetts) District Court, or the Bristol County (Massachusetts) Superior Court.

Compl. Ex. A at p. 6 (emphasis added). The parties agree that this is a "mandatory forum selection clause," which contains "clear language indicating that jurisdiction and venue are appropriate exclusively in a designated forum." Provanzano v. Parker View Farm, Inc., 827 F. Supp. 2d 53 (D. Mass. 2011) ("use of words such as 'will' or 'shall' demonstrate parties' exclusive commitment to the named forum"). Therefore, the "next question is whether it covers plaintiff's claims." Id. The defendants argue that the FLSA claims are not "derived out of" the Employment Agreement and, therefore, are not governed by the forum-selection clause. This court agrees.[2]

"[I]t is the language of the forum selection clause itself that determines which claims fall within its scope." Rivera, 575 F.3d at 19. The "usual" sources used to interpret the meaning of the contract language include "dictionaries and case law." Huffington v. T.C. Group, LLC, 637 F.3d 18, 22 (1st Cir. 2011). See also SEC. v.

---

[2] Pacheco relies on the case of Guenther v. Grosscheck, Inc., No. 09-01106 WHA, 2009 WL 1248107 (N.D. Cal. Apr. 30, 2009), for the proposition that "[t]his Court's original jurisdiction over some claims does not trump a valid enforceable and mandatory forum selection clause." Reply Mem. (Docket No. 6) at 2. This argument begs the question presented here.

In Guenther, there was no question that the plaintiff's claims were covered by the broad forum selection clause that covered "any action arising out of the negotiation, execution or performance of the terms and conditions of this agreement[.]" In the instant case, the issue is whether the FLSA claims are "derived" from the Employment Agreement. As detailed below, this court finds that they are not.

Tambone, 597 F.3d 436, 443 (1st Cir. 2010) ("One reference point for determining the ordinary meaning of a word is its accepted dictionary definition."). In the instant case, the forum selection clause is limited to disputes which are "derived out of this [employment] agreement." According to the Merriam-Webster dictionary, to "derive" means "to take, receive, or obtain especially from a specified source." Since the plaintiff's rights under the FLSA are distinct from any employment agreement, they are not "derived" from Pacheco's Agreement and are not covered by the forum-selection clause.

A number of cases have held that suits to recover payments due under the FLSA, such as overtime payments, are not dependent upon the plaintiff's employment agreement. For example, in Perry v. Nat'l City Mortg., Inc., No. 05-cv-891-DRH, 2006 WL 2375015, at *4-5 (S.D. Ill. Aug. 15, 2006) (unrep. op.), the court held that a claim that an employee should be characterized as non-exempt under the FLSA and therefore entitled to overtime pay was not covered by a forum-selection clause which applied to "this Agreement." As the court held, "[w]hile the scope of Plaintiff's duties as an employee of Defendant and details as to how he was to be compensated certainly appear germane to the case, it is outside the scope of Plaintiff's actual [FLSA] claim." Id. at *4. The plaintiff, the court noted, was "not filing suit based on" his employment agreements. Id. Similarly, in Fuller v. Goldstar Estate Buyers Corp., No. 10-cv-5839, 2011 WL 809429, at *3 (N.D. Ill. Mar. 1, 2011), the court also concluded that the plaintiff's claim for overtime payments due under the FLSA were not covered by the forum-selection

8

clause that applied to actions "relating to this contract," since the plaintiff was not attempting to enforce any terms of the agreement that governed his employment with the company.  See also Crouch v. Guardian Angel Nursing, Inc., No. 3:07-cv-00541, 2009 WL 3738095, at *2-3 (M.D. Tenn. Nov. 4, 2009) (claim that plaintiff was entitled to overtime under the FLSA not governed by forum-selection clause that applied to "any action to enforce any provision of this Agreement").  Where, as here, Pacheco's "FLSA claims do not depend on the existence of the employment contract, nor does the resolution of [plaintiff's] FLSA claims relate to the interpretation of the employment contract[,]" the forum selection clause which is limited to claims which are derived from the employment contract does not apply.  See Saunders v. Ace Mortg. Funding, Inc., No. 05-1437 (DWF/SRN), 2005 WL 3054594, at *3 (D. Minn. Nov. 14, 2005) (forum-selection clause that applies to the parties' contract does not apply to FLSA claims for compensation).

A brief review of the allegations of the Complaint relating to the FLSA claims confirms the conclusion that they do not derive from the Employment Agreement.  Thus, in Count V, the claim for "failure to pay wages," Pacheco asserts that state law and the FLSA "require that all wages due be paid on the day an employee is terminated, that hours worked be shown on pay slips, and that employees be paid their wages for all hours worked."  Compl. ¶ 48.  He alleges further that he was wrongfully terminated, was not paid for all the hours he worked, and that SLEA failed to maintain accurate records of all

9

hours worked. Id. ¶¶ 50-52.³ "As a result," according to the Complaint, "Plaintiff has been deprived of wages due pursuant to the FLSA and G.L. c. 149, § 148." Id. ¶ 53. The minimum wage and overtime amounts required by the FLSA are "distinct" from the plaintiff's claim that he may be due higher amounts under his Employment Agreement. McMurray v. LRJ Rests., Inc., No. 4:10-cv-01435-JMC, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011). Thus, Pacheco's FLSA wage claim is not dependent on any provision of the Employment Agreement, and is not controlled by the forum selection clause. See Schultz v. All-Fund, Inc., No. JFM CV 2016, 2007 WL 2333049, at *6 (D. Md. Aug. 13, 2007) (plaintiff's wage claims under the FLSA "did not arise out of or relate to the employment agreement, and thus the forum selection clause contained in the employment agreement was not controlling").

Similarly, the plaintiff's claim of "retaliation in violation of the Fair Labor Standards Act and M.G.L. c. 149" (Count VII) is not derived from the Employment Agreement. As an initial matter, Pacheco has brought a separate claim for "wrongful termination" relating to his complaint that his employment was terminated after he complained that his pay and benefits were inconsistent with his Employment Agreement and the representations made to him. See Compl. ¶¶ 55-56, Count VI. His retaliation

---

³ While Pacheco alleges in a conclusory fashion that "Defendant SLEA's non-payment of wages due relates directly to its breach of the Employment Agreement with Plaintiff and failure to maintain records of all hours worked by employees," Compl. ¶ 52, he has brought a separate claim for failure to pay wages due under the Employment Agreement. (See id. at Count I). As evidenced by the other allegations of Count V, Pacheco is basing his employer's obligation to pay him all amounts due on its obligations under the FLSA.

10

claim under the FLSA adds that his termination was as a result of his complaint that employees "had a right to be paid for hours worked, including vacation, CME and holiday time." Id. ¶ 59. The plaintiff has alleged that "[a]n employer cannot retaliate against an employee for raising violations of wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, or M.G.L. c. 149, § 148A." Id. ¶ 62 (emphasis added). Thus, plaintiff's retaliation claim is dependent upon a finding that the defendants acted in response to his efforts to enforce his rights under the FLSA, i.e., that plaintiff engaged "in a statutorily protected activity[.]" Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 102 (1st Cir. 2004). Whether or not the plaintiff's conduct was consistent with his obligations under his Employment Agreement is irrelevant.

For all these reasons, Pacheco's FLSA claims are based on independent statutory rights, and are not "derived out of" the Employment Agreement. Therefore, the forum selection clause does not control the FLSA claims.

    **C.**    **Jurisdiction Over State-Law Claims**

Pacheco contends further that this matter should be remanded because state law issues predominate. See Reply Mem. (Docket No. 6) at 4. However, this court finds that while, as detailed above, the legal theories under which Pacheco is proceeding under federal law are distinct and do not "derive from" the Employment Agreement, all of his claims – both federal and state – arise from a common nucleus of operative facts. Therefore, remand is not warranted.

11

A federal court can exercise jurisdiction over non-federal question claims either under its supplemental jurisdiction conferred by 28 U.S.C. § 1367, or under 28 U.S.C. § 1441(c). See Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1268 (D. Or. 2001). At the time suit was filed, 28 U.S.C. § 1441(c) provided in relevant part:

> Whenever **a separate and independent claim or cause of action** within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

(Emphasis added).[4] Thus, remand is an option under § 1441(c) where the state claims are "separate and independent" from the federal claims. However, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14, 71 S. Ct. 534, 540, 95 L. Ed. 702 (1951). See also Coren by Jefferson v. Cardoza, 139 F.R.D. 561, 565-66 (D. Mass. 1991) (a "separate and independent claim" cannot be "based on the same wrongful conduct as that which gave rise to the non-removable claims").

Similarly, a federal court with original jurisdiction based on the existence of a federal question may exercise its supplemental jurisdiction over all causes of action that "derive from a common nucleus of operative fact." R.I. Fishermen's Alliance, Inc. v. R.I.

---

[4] Amendments to 28 U.S.C. § 1441(c) only apply to actions commenced after January 7, 2012. The instant case was commenced on December 19, 2011.

Dep't of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009)  The court, however, may in its discretion decline to exercise its supplemental jurisdiction over state law claims "if those claims raise a novel or complex issue of State law, substantially predominate over Plaintiffs' federal question claims, all claims over which the district court has original jurisdiction are dismissed, or if there are other compelling reasons for declining jurisdiction."  Fox v. Lovas, No. 5:10-cv-219, 2011 WL 1106760, at *2 (W.D. Ky Mar. 23, 2011) (citing 28 U.S.C. § 1367(c)).  In addition, "the court must also balance the factors of judicial economy, convenience, fairness, and comity."  Lang v. DirecTV, Inc., 735 F. Supp. 2d 421, 428 (E.D. La. 2010).  "[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims."  Fox, 2011 WL 106760, at *2 (quoting Campanella v. Commerce Exch. Bank, 137 F.3d 885, 892 (6th Cir. 1998)).

In the instant case the state law claims are not separate and independent claims, and therefore are not subject to remand under § 1441(c).  Moreover, there is no reason for this court to decline to exercise its supplemental jurisdiction over all of Pacheco's claims.

## Analysis Under § 1441(c)

In the instant case, as in many other similar cases, Pacheco's federal employment claims "are not separate and independent from state law claims based on the same sequence of events."  Riggs, 233 F. Supp. 2d at 1265-66, and cases cited.  Pacheco is complaining of the same wrongs in both his state and federal claims, the claims involve substantially the same facts, and "there will be substantial overlap in the witnesses and

13

evidence produced for each claim." See, e.g., Saenz v. Austin Roofer's Supply, LLC, 664 F. Supp. 2d 704, 710 (W.D. Tex. 2009) (breach of contract claim and FLSA claim are not "separate and independent" under § 1441(c), and court must exercise supplemental jurisdiction over state claims where they involve a "single wrong" and "the parties will rely on substantially the same facts, namely hours worked, wages owed based on hours worked and commissions, and wages actually paid, and there will be substantial overlap in the witnesses and evidence produced for each claim.").

Obviously, Pacheco's claims under Mass. Gen. Laws ch. 149 and the FLSA for unpaid wages (Count V) and retaliation (Count VII) will involve the same nucleus of facts since they are pled together and the same facts are asserted for both the federal and state claims. See Fox, 2011 WL 1106760, at *3 (plaintiffs' unpaid wage claims and claims under the state wage act "are not separate and independent from the FLSA claims" and are based on a single injury, so that remand would be inappropriate under 28 U.S.C. § 1441(c)). The issues raised in these statutory claims are also incorporated in Pacheco's other state law claims. Thus, Pacheco's fundamental contentions are that he was not paid what was promised and due him[5] and that he was wrongfully fired.[6] These claims will necessarily involve, inter alia, testimony about his job responsibilities, the hours he

---

[5] See, e.g., Counts I (breach of contract), III (misrepresentation), and IV (promissory estoppel).

[6] Counts II (breach of implied covenant of good faith and fair dealing), VI (wrongful termination), and VIII (tortious interference with contractual relations).

worked, the hours for which he was paid, the amounts he was paid, the record-keeping practices of the company, and the events leading up to the termination of his employment — the same facts as his federal claims. Under such circumstances, this court finds that the claims are derived from a common nucleus of operative facts and, therefore, are not separate and independent claims. See, e.g., Lang v. DirecTV, Inc., 735 F. Supp. 2d 421, 427 & nn.26&27 (E.D. La. 2010) (state claims alleging wrongful scheme to make improper deductions from plaintiff's pay "involve a single wrong and substantially the same facts" as plaintiff's FLSA claim; state claims were not "separate and independent" claims and would not be remanded under § 1441(c)), and numerous cases cited.

### Remand Under § 1367(c)

As noted above, this court may exercise supplemental jurisdiction over Pacheco's state claims if they arise out of the same nucleus of facts as his FLSA claims. See 28 U.S.C. § 1367(a) (district court has supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Pacheco's state claims fall within the court's supplemental jurisdiction for the same reasons they are not separate and independent of his FLSA claims. Moreover, this court concludes that there is no basis for the federal court to decline to exercise its jurisdiction here.

Pacheco's claims do not raise novel or complex issues of state law, the FLSA claims have not been dismissed, and since fundamentally the federal claims cover the

same factual scenario as the state claims, the state claims do not "predominate" over the federal claims. See Lang, 735 F. Supp. 2d at 428 (state claims do not predominate where they are intertwined with federal claims and involve substantially the same facts and evidence). Nor would remand of the state claims further judicial economy, convenience, fairness and comity. In the instant case, given the overlap between the state and federal claims, "[k]eeping these claims in a single forum will avoid needless litigation expenses and promote judicial economy." Id. at 430. Since Pacheco has elected to bring claims under the FLSA, and there is no compelling reason for this court to decline to exercise its jurisdiction, the motion to remand should be denied.

## IV. CONCLUSION

For all the foregoing reasons, this court recommends to the District Judge to whom this case is assigned that plaintiff's motions to remand (Docket No. 5) and for sanctions (Docket No. 7) be DENIED.

    / s / Judith Gail Dein  
Judith Gail Dein  
United States Magistrate Judge